# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LAWRENCE BROWN,**<br><br>Petitioner,<br><br>v.<br><br>**PATRICK NOGAN,**<br><br>Respondent. | Civil Action No. 18-17717 (JLL)<br><br>**MEMORANDUM OPINION** |

IT APPEARING THAT:

1. On or about December 23, 2018, Petitioner, Lawrence Brown, filed a petition for a writ of habeas corpus challenging his 2013 state court robbery convictions. (ECF No. 1 at 1, 15).

2. On January 25, 2019, this Court screened Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and entered an order which directed Petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 3).

3. On February 26, 2019, Petitioner filed a response to that order. (ECF No. 4).

4. Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). According to the petition and Petitioner's response to the Court's Order to Show Cause, Petitioner pled guilty to the robbery charges in October 2012, and was ultimately sentenced on April 26, 2013. (Document 2 attached to ECF No. 1 at 2; ECF No. 1 at 1;

1

ECF No. 4 at 1). Petitioner did not file a direct appeal, and his conviction therefore became final forty-five days later on June 10, 2013. *See* N.J. Court Rule 2:4-1 (direct appeals of final judgments "shall be filed within 45 days of their entry"). Petitioner's one-year limitations period would therefore have begun to run on that date, and would have expired one year later on June 10, 2014, absent some basis for tolling. *Ross*, 712 F.3d at 798.

5. While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief is pending in the state courts. *Jenkins*, 705 F.3d at 85. According to Petitioner, he did not file his post-conviction relief petition until March 11, 2015. (ECF No. 1 at 3; ECF No. 4 at 2). Because Petitioner did not file his post-conviction relief petition until nine months after his one-year limitations period had expired, statutory tolling would be of no benefit to Petitioner absent some basis for equitable tolling. Additionally, the Court notes that Petitioner's PCR petition was denied on June 29, 2016. *See State v. Brown*, No. A-0671-16T1, 2017 WL 6421036, at *1 (N.J. App. Div. Dec. 18, 2017). Petitioner appealed, and the Appellate Division affirmed the denial of his PCR petition on December 18, 2017. *Id.* The New Jersey Supreme Court thereafter denied Petitioner's petition for certification on May 21, 2018. *See State v. Brown*, 235 N.J. 396 (2018). Petitioner did not file his petition until December 23, 2018, just over seven months later. (*See* ECF No. 1 at 16). Thus, even granting Petitioner the benefit of statutory tolling while his PCR petition remained pending, his habeas petition is time barred by just over sixteen months absent some basis for equitable tolling.

6. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ross*, 712 F.3d at 798-99 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). The diligence prong of this test requires "reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross*, 712 F.3d at 799. This diligence must be demonstrated not only as to the filing of the petitioner's habeas petition, but also throughout the period during which the petitioner is seeking to exhaust state remedies. *Id.* Neither lack of counsel, lack of legal knowledge or ability, nor a lack of information as to when the limitations period expires are sufficient to excuse a petitioner's failure to pursue his rights with reasonable diligence. *Id.* at 799-800.

7. In his response to the Court's Order to Show Cause, Petitioner argues that this Court should excuse his late filing because he was transferred several times during his federal incarceration – from Brooklyn, New York, to Minersville, Pennsylvania, in or around March 2013, then from Minersville to Oklahoma later in 2013 after he spent nine months in what Petitioner refers to as "detention" without further explanation, and then to Pine Knot, Kentucky in December 2014. (ECF No. 4 at 2). Petitioner then states that he was transferred back to state custody in New Jersey after the filing of his PCR petition. (*Id.*). According to Petitioner, it sometimes took weeks or "even months" for his personal property to arrive during some of these transfers. Although Petitioner does not elaborate further, he appears to be suggesting that these delays in the delivery of his property delayed him in filing his collateral attacks on his conviction. (*Id.*). Petitioner does not explain how or why his property was necessary for the filing of his PCR petition or his habeas petition, nor does he in any way explain what actions he took to diligently pursue his rights throughout the period between his sentencing in 2013 and his filing of this petition in 2018.

3

8. This Court finds the fact that Petitioner had been transferred is insufficient to amount to an "extraordinary circumstance" warranting equitable tolling. Prison transfers are part and parcel of the serving of a prison sentence, and Petitioner's failure to explain how the late delivery of his personal belongings prevented him from pursuing his rights in the state court or before this Court likewise prevents that from amounting to an exceptional circumstance.

9. Even had Petitioner shown an exceptional circumstance, he would still not be entitled to equitable tolling as he has utterly failed to detail any steps that he took during his incarceration which would show that he was acting with reasonable diligence. Because Petitioner has not presented any facts which would support a finding of reasonable diligence throughout the limitations period, he cannot show that he is entitled to any equitable tolling, let alone the sixteen months of equitable tolling he would require to render his current habeas petition timely. *Ross*, 712 F.3d at 799-800; *see also Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003). As Petitioner is not entitled to equitable tolling, his habeas petition is clearly time barred by over sixteen months, and his petition must be dismissed as such.

10. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court dismisses the petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." *Id.* For the reasons expressed above, Petitioner's habeas petition is clearly time barred and Petitioner has failed to show that he is entitled to equitable tolling. As such, jurists of reason could not debate this Court's dismissal of Petitioner's habeas petition as time barred, and Petitioner's habeas petition does not warrant encouragement to proceed further. Petitioner is thus denied a certificate of appealability.

11. In conclusion, Petitioner's habeas petition is DISMISSED as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Date: March ____, 2019

JOSE L. LINARES,
Chief Judge, United States District Court